# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| CARA SCHNARS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| MAKINO, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF THE ACTION

Plaintiff Cara Schnars ("Ms. Schnars") brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to seek appropriate relief because she was adversely affected by such practices. Defendant Makino, Inc. ("Makino") subjected Ms. Schnars to a hostile work environment based on her sex, female, and terminated her employment based upon her sex, female, and in violation of the Worker Adjustment and Retraining Notification Act of 1988 (WARN).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343 and 1345. This action is authorized and instituted pursuant to 29 U.S.C. § 2101 et seq; § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII), §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Western District of North Carolina because the alleged unlawful employment practices were committed within the County of Mecklenburg.

## PARTIES

3. Plaintiff Cara Schnars is a citizen and resident of the County of Mecklenburg, North Carolina, is over the age of 18 and is otherwise competent to bring this action.

4. Defendant Makino, Inc., is a company incorporated under the laws of the State of Delaware and operates as a foreign corporation in the state of North Carolina employing machine sales consultants and other employees within North Carolina to market and sell company products across the state of North Carolina. Makino has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. Ms. Schnars filed a timely charge with the EEOC alleging that Defendant violated Title VII.

7. On June 29, 2021, the EEOC issued to Plaintiff a Right to Sue Letter.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

# STATEMENT OF CLAIMS

## First Claim—Sexual Discrimination

9. Since at least 2007, Defendant has engaged in unlawful employment practices in violation of 42 U.S.C. § 1981a and Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a), (j) and (k). These practices continued on a regular basis and included subjecting Ms. Schnars to discrimination on the basis of her sex, female, which included the continuous preference for white male candidates for machine sales positions despite the greater qualifications and experience of Ms. Schnars.

10. Ms. Schnars worked at EDM Sales and Supplies from 2001-2007. She was hired into this role to run and oversee a start-up office in Cornelius, North Carolina. During this time Ms. Schnars was assigned responsibility for all aspects of the office, warehouse, inside and outside sales. Following further hires she primarily focused on outside sales.

11. In 2007 Makino purchased EDM and Ms. Schnars continued on as an outside sales engineer for Makino.

12. At Makino, Ms. Schnars met her sales goals and machine goals receiving excellent reviews. Managers at Makino, on the whole, generally rated good performers as "Proficient" on the Personal Performance Reviews ("PPRs"). On several occasions, Ms. Schnars received "Commendable" on her PPRs, which is very rare. During her employment, Ms. Schnars also had an impeccable record with no disciplinary action for work performance or ethics ever marked on her record.

13. From 2007 until 2015, Ms. Schnars was the sole outside female salesperson. During this time and throughout her employment, Makino refused to allow Ms. Schnars or any other female salesperson the opportunity to sell heavy machinery.

14. Ms. Schnars made several inquiries with different managers to sell heavy machinery. Each time Ms. Schnars was rebuked and told that she lacked the "technical expertise." However, White Caucasian males in her field with less experience and knowledge were consistently promoted into machine sales positions. For over eighteen (18) years, Ms. Schnars was passed over for machine sales positions despite high marks on her PPRs.

15. The pattern of Makino hiring preferences for white males into machine sales can be traced back to the purchase of EDM in 2015. In that year, Chris Beckmen was terminated as Machine Sales Engineer covering South Carolina. His replacement Jason Piechowiak, a White male, was an outside hire without any machine industry background.

16. In or around April 2016, Bob Winstanley retired as a Machine Sales Engineer. Winstanley covered North Carolina and portions of Virginia. Bill Myers, Ms. Schnars' supervisor, hired a White male from outside the company, Alan Godwin, to fill that position.

17. In March 2019, Dan Fredrickson left his position as a Machine Sales Engineer with territory in parts of North Carolina and Virginia. Ms. Schnars asked the manager, Craig Montalbano, about taking over Fredrickson's position. Montalbano told Ms. Schnars that they were looking for someone who lived in Virginia to fill that position. Months went by and the position was never filled. Ms. Schnars asked

4

Montalbano again, and he said someone was hired. However, in late October 2019, Ms. Schnars discovered that no one had been hired but management was pulling White male sales representatives from other states to service the territory for machinery. This is the same area where Ms. Schnars worked as a Consumable Sales Engineer.

18. Also in 2019, Ms. Schnars found out that a White male named Chad Brown, who also served as a Consumable Sales Engineer but had less experience, was given a position as a Machine Sales Engineer in the Tennessee area. Mr. Brown lived and worked in New England. When Ms. Schnars asked Jack Nash, the Tennessee sales manager, why the position had never been posted, Mr. Nash responded that it was something that came up between him and the manger in the New England territory.

19. During Ms. Schnars' tenure, not one female was advanced into Makino's Sales Division. The organizational chart of Makino at the time of Ms. Schnars' termination evidenced that leadership roles were predominantly filled by White males with the exception of Kara Valz, Director of Marketing, and the Human Resources Department.

20. By failing to advance Ms. Schnars (and other similarly situated females), Makino deprived Ms. Schnars and other female employees of more prestigious sales positions, higher compensation, higher management positions, and greater recognition and visibility within the company and the industry as a whole.

21. The effect of the actions complained of in paragraphs 9 through 20 above were to deprive Ms. Ellis of equal employment opportunities and otherwise adversely affected her status as an employee.

22. The unlawful employment practices complained of in paragraphs 9 through 20 above were intentional.

23. The unlawful employment practices complained of in paragraphs 9 through 20 above were done with malice or with reckless indifference to the federally protected rights of Ms. Schnars.

24. The unlawful employment practices complained of in paragraphs 9 through 20 damaged Ms. Schnars, causing loss of income, emotional duress, and other damages to be shown at trial in excess of $100,000.00.

Second Claim—Disparate Impact under 42 U.S.C. 2000e-2(k)

25. The allegations of paragraphs 1 through 24 above as though fully set forth herein.

26. Makino had and continues as of the date of this Complaint a demonstrable, and particular employment practice in which White males are provided advancement in the machinery sales force and in sales and corporate management.

27. Makino's preference of White males can be demonstrated by the vast numbers of White males in machinery sales positions, sales management positions and corporate leadership.

28. Makino will only advance White females in positions of human resources, accounting, inside sales and clerical work.

29. Except for a handful of examples, Makino simply does not hire men or women of color.

30. Makino cannot show justifiable reasons for its preference for White males related to the position in question or consistent with business necessity.

31.     The effect of the actions complained of in paragraphs 9 through 30 above were to deprive Ms. Ellis and other similarly situated females and employees of color of equal employment opportunities and otherwise adversely affected her status as an employee.

32.     The unlawful employment practices complained of in paragraphs 9 through 30 above were intentional.

33.     The unlawful employment practices complained of in paragraphs 9 through 30 above were done with malice or with reckless indifference to the federally protected rights of Ms. Schnars and other similarly situated females and employees of color.

34.     The unlawful employment practices complained of in paragraphs 9 through 30 damaged Ms. Schnars and other similarly situated females and employees of color, causing loss of income, emotional duress, and other damages to be shown at trial in excess of $100,000.00.

Third Claim — Wrongful Discharge

35.     The allegations of paragraphs 1 through 34 above as though fully set forth herein.

36.     At the time of her termination, a White male held the position of Machines Sales Engineer. This employee was also terminated.

37.     According to a posting on LinkedIn, the two positions were combined into a single Machine and Consumable Sales Engineer for North Carolina.

38.     Ms. Schnars was never contacted by Makino offering her back her old position. Based on past performance, Makino will hire a White male for the position.

39. Around this time other female employees were subjected to discrimination and termination on the basis of sex. Kara Valz, who had previously served as Director of Marketing, was rejected the opportunity for a performance review despite a banner year and the fact that she was being paid less than a White male subordinate within her department. The CEO of Makino then proceeded to fire Ms. Valz. Further female employees have filed complaints with the EEOC for sexual discrimination and wrongful termination against Makino.

40. The effect of the actions complained of in the paragraphs above were to deprive Ms. Schnars of equal employment opportunities through wrongful termination on the basis of her sex, female.

41. The unlawful employment practices complained of in the paragraphs above were intentional.

42. The unlawful employment practices complained of in the paragraphs above were done with malice or with reckless indifference to the federally protected rights of Ms. Schnars.

43. The unlawful employment practices complained of in the paragraphs above damaged Ms. Schnars, causing loss of income, emotional duress, and other damages to be shown at trial in excess of $100,000.00.

Third Claim – Improper Notice of Termination

44. The allegations of paragraphs 1 through 43 above as though fully set forth herein.

45. Upon information and belief, Makino was investigating and considering a massive layoff prior to the COVID-19 pandemic.

46. Defendant stated to Ms. Schnars that there would be a reduction in the work force as the business changed its focus from manufacturing to digital.

47. Makino terminated over one-hundred (100) employees during the COVID-19 pandemic.

48. Makino used COVID-19 as a pretext for these terminations that Makino was going to make regardless of the pandemic.

49. Makino did not give Ms. Schnars the requisite sixty (60) days' notice as required by the Worker Adjustment and Retraining Act ("WARN ACT") when the company terminated her employment as part of a larger series of massive pre-planned layoffs within the company.

50. Makino's termination of Ms. Schnars without (60) sixty days' notice prior to termination was an unlawful practice in violation of 29 U.S.C. § 2101.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Cara Schnars respectfully requests that this Court:

1. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and all persons in active concert or participation with it, from creating, failing to prevent and failing to promptly correct an offensive, abusive, intimidating, and hostile work environment on the basis of sex and/or engaging in any other employment practice that discriminates on the basis of sex.

2. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of its past and present unlawful employment practices.

3. Order Defendant to make whole Ms. Schnars by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Schnars.

4. Order Defendant to make whole Ms. Schnars by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

5. Order Defendant to make whole Ms. Schnars by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in above, including inconvenience, pain and suffering, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

6. Order Defendant to pay Ms. Schnars all lost wages, benefits, and civil penalties as set forth in 29 U.S.C. § 2104.

7. Order Defendant to pay Ms. Schnars punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

8. Award costs, including reasonable attorney fees, to Ms. Schnars.

9. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

Ms. Schnars requests a jury trial on all questions of fact raised by its complaint.

This the 21st day of September, 2021.

                                                /s/John S. Austin  
                                                John S. Austin NC Bar #20826  
                                                Austin Law Firm, PLLC  
                                                Attorney for Plaintiff  
                                                Post Office Box 30  
                                                Raleigh, North Carolina 27602  
                                                Telephone:  (919) 278-7634  
                                                Facsimile (919) 424-7007  
                                                john@johnaustinlaw.com