IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:21-CV-498-MOC-DSC

| | |
|---|---|
| CARA SCHNARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **STIPULATED CONSENT** |
| ) | **PROTECTIVE ORDER** |
| MAKINO INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Parties have jointly moved the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as well as Local Rule 7.1, for entry of a Stipulated Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated.

**IT IS HEREBY ORDERED THAT:**

1. **General Scope of the Agreement.** This Stipulated Consent Protective Order shall govern certain documents and other materials produced in response to any discovery request or other request for information by Plaintiff Cara Schnars ("Plaintiff") and Defendant Makino Inc. ("Makino" or the "Defendant") (collectively the "Parties") in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions, deposition testimony, and any deposition transcript or portion thereof

as to which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) Plaintiff's non-public financial records and other non-public documents that include financial information, and medical records and other documents that include Plaintiff's health-related information; (b) the personal information of the Makino's employees including, but not limited to, Social Security numbers, tax information, personnel records, and health insurance/health-related information; (c) Makino's confidential proprietary business and proprietary information including, but not limited to, confidential information regarding Makino's business operations; and (d) such other information that the Parties deem in good faith to be Confidential, which qualifies for protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. **Redaction of Certain Information.** The Parties shall be allowed to redact the following information from any documents provided pursuant to this Order: (a) all but the last four digits of Social Security numbers, (b) all but the last four digits of financial account numbers, (c) personal addresses, and (d) personal or private telephone numbers. The Parties agree to redact the following information from any documents filed with the Court and provided pursuant to this Order: (a) all but the last four digits of Social Security numbers, (b) all but the last four digits of financial account numbers, (c) personal addresses, and (d) personal or private telephone numbers. The enumeration of categories for redaction in this section is not intended to preclude the Parties from redacting other information, as the Parties deem necessary or appropriate, under a good-faith interpretation of applicable law.

3. **Designation as Confidential: Good Faith Requirement.** Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation may designate information as "Confidential Materials," in accordance with the

Page 2

Case 3:21-cv-00498-MOC-DSC   Document 11   Filed 12/23/21   Page 2 of 11

procedures set forth herein. Such information could include a document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

No party may designate information as "Confidential Materials" without first determining in good faith that the information may be so designated as provided in this Order and as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure.

4. **Procedure for Designating Information as Confidential.** The Parties may designate "Confidential Materials" in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternatively, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; and

(c) In the case of depositions or other pretrial testimony in this action by the Parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Materials are about to be or has been disclosed. Alternatively, a party may designate information disclosed at such deposition as Confidential Materials by informing all Parties in writing, within thirty days of receipt of the transcript or other date as agreed upon by the Parties, of the specific pages and lines of the

deposition transcript which are deemed Confidential Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Unless the Parties intend to designate all the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

5. **<u>Restricted Use of Confidential Information.</u>** The use of information designated as "Confidential" will be restricted as specifically indicated below:

(a) Documents/information designated as "Confidential" pursuant to Paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, triers of fact (such as jurors), and any special master or mediator appointed by the Court, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

(ii) counsel for the Parties, their staff members, their professional and para-professional employees, or other agents or other representatives of either party, as necessary to prepare this case for litigation;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the Parties regarding this action;

(iv) the Parties to this litigation;

(v) deponents, who may be shown Confidential Materials in preparation for their deposition and during their deposition, but shall not be permitted to keep copies of said

Confidential Materials nor any portion of the deposition transcript reflecting the Confidential Materials;

(vi) any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential;

(vii) any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing; or

(viii) by mutual consent of the Parties.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, seated jury member, staff person or Court personnel.

(c) Whenever the Confidential Information contained within a "Confidential" document is not relevant to the purpose for which the document is introduced, counsel for the Party introducing the document shall proffer for admission a true and correct copy of the document from which all Confidential Information has been redacted, with such redactions clearly reflected by affixing the legend "REDACTED" across the blank area containing the Confidential Information in the original. By way of example, "Confidential" documents containing bank account numbers or HCIN numbers that are not being introduced for purposes of proving the bank account number or HCIN number itself shall have the bank account number or HCIN number redacted prior to filing or admission into evidence. Notwithstanding the foregoing, nothing in this Stipulated Consent Protective Order shall be construed to require redaction of protected health information

from a medical record that contains information relevant to the purpose for which the document is introduced.

(d) **FRE 502(d) Limitations on Waiver**. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or administrative proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

6. **Acknowledgment of Agreement.** All persons to whom Confidential Materials are disclosed pursuant to Paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Materials pursuant to Paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person other than Plaintiff and employees of Makino, counsel of record, employees of counsel of record, the court and its personnel, and court reporters and their staff must execute the form attached hereto as "**Exhibit A**" prior to the disclosure of Confidential Materials, which shall be maintained in confidence by the counsel disclosing such information. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

7. **Inadvertent Disclosure.** In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again,

with the "Confidential" designation, within twenty days of discovery of the inadvertent production. The Parties will then treat these documents as they had been marked "Confidential" when they were first produced.

8.  **Use of Confidential Materials in this Case.** Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding prior to trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Materials as set forth in Paragraphs 1 through 3 of this Agreement at trial in accordance with any rules established by the Court.

9.  **Restricted Access Documents.** Sealed Documents: A party seeking to file Confidential Materials under seal must do so in compliance with the Local Rule 6.1 and Section V.G of the CM/ECF Policy Manual. Documents marked as Confidential must be filed under seal, unless: a) all Confidential Information can be "Redacted" as provided in Section 4(c); and b) the party that produced the document verifies in writing that all Confidential Information has been Redacted.

10. **Challenging Confidentiality.** Acceptance by a party of any information, document, or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, documents, or things are Confidential Materials. Counsel for the Parties shall serve written notice of any objections to specific designations upon the other party within twenty days of receipt of such information, documents, or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to

agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

11. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All Parties retain the right to apply to the Court for an order affording additional protection to Confidential Materials as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

12. **Disclosure.**

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, materials or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information, except that either party may designate as Confidential any medical records received in discovery in this matter.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

13. **Return of Confidential Information.** All Confidential Materials either shall be returned to the producing party or destroyed within ninety days of the conclusion of this civil

lawsuit, including conclusion of any appeal, at the option of the disclosing party. Notwithstanding any provision herein, counsel for the Parties shall be permitted to retain one (1) copy of any Confidential Materials to retain in their respective client litigation file for this lawsuit; however, such copy shall remain confidential and subject to this Order for an indefinite period.

14. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the Parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the Parties and request that the Court modify this Agreement.

15. **Protection of Copies.** All copies, extracts or summaries prepared from Confidential Materials produced hereunder, but excluding any materials which in good faith judgment of counsel are work product materials, shall be subject to the same terms of this Agreement as the Confidential Materials from which such copies, extracts, or summaries were prepared, if properly designated.

16. **Notices.** Notices required under this Agreement shall be in writing, and as to the Plaintiff, they shall be provided to Plaintiff's attorney at the address listed below, and as to Makino, they shall be provided to the attorneys for Makino listed below.

17. **Effective Date.** This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

**SO ORDERED**.  Signed: December 23, 2021

_[signature]_
David S. Cayer
United States Magistrate Judge

Page 9

AGREED to this this the 22nd day of December, 2021.

| | |
|---|---|
| **/s/ John S. Austin** | **/s/ Kathleen K. Lucchesi** |
| *Attorney for Plaintiff* | *Attorney for Defendant* |
| NC State Bar No. 20826 | NC State Bar No. 24386 |
| **Austin Law Firm, PLLC** | **Daniel Q. Leake II** |
| Post Office Box 30 | NC State Bar No. 58370 |
| Raleigh, North Carolina 27602 | **Jackson Lewis P.C.** |
| Phone: (919) 278-7634 | NC State Bar No. |
| Fax: (919) 424-7007 | 200 S. College St., Ste. 1550 |
| john@johnaustinlaw.com | Charlotte, North Carolina 28202 |
| | Phone: (980) 465-7245 |
| | Kathleen.lucchesi@jacksonlewis.com |
| | Daniel.leake@jacksonlewis.com |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO.: 3:21-CV-498-MOC-DSC

| | |
|---|---|
| CARA SCHNARS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAKINO, INC, )<br>)<br>Defendant. )<br>) | **ACKNOWLEDGEMENT OF<br>STIPULATED CONSENT<br>PROTECTIVE ORDER** |

I, _____, declare as follows:

I acknowledge receipt of a copy of the Stipulated Consent Protective Order dated _____, 2021, in *Cara Schnars v. Makino, Inc.*, which is pending in the United States District Court for the Western District of North Carolina, 3:21-CV-498-MOC-DSC, and agree that I:

(1) understand the terms thereof, and agree to comply with and be bound by its provisions with respect to any information provided to me under the terms of the Stipulated Consent Protective Order;

(2) will not reveal any information provided to me under the terms of this Stipulated Consent Protective Order to anyone other than such persons designated in Paragraph 4 of the Order; and

(3) will utilize such confidential information solely for the purposes of this litigation.

I further understand that if I fail to comply with the terms of the Stipulated Consent Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**DATE:** _____

**SIGNATURE:** _____

**PRINTED NAME:** _____